F I L E D
Clerk
District Court
DEC 03 2025
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| INTERNAL PATH ECCLESIASTICAL TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-0007<br><br>**DECISION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, DENYING ALL OUTSTANDING MOTIONS, AND CLOSING CASE** |

On August 22, 2025, Plaintiff Internal Path Ecclesiastical Trust ("the Trust") filed a Complaint against Defendant Toyota Motor Credit Corporation ("TMCC") for declaratory relief pursuant to 22 U.S.C. §2201 seeking a declaratory judgment confirming three matters: (1) that the Trust holds a lawful secured interest in a private agreement assigned by its Trustee; (2) TMCC failed to respond or cure after being served with formal notice and opportunity; and (3) that no further administrative action is required before the Trust proceeds. (Compl. 2, ECF No. 1.) Before the Court are the following seven motions, six of which were filed by Plaintiff:

(1) Plaintiff Internal Path Ecclesiastical Trust's Motion for Leave to Use Electronic Filing System (CM/ECF) (ECF No. 2), filed on September 3, 2025;

(2) Plaintiff Internal Path Ecclesiastical Trust's Request for Clerk's Entry of Default (ECF No. 6), filed on October 20, 2025;

1   (3) Plaintiff Internal Path Ecclesiastical Trust's Motion to Strike Unauthorized and Untimely

2       Answer (ECF No. 9), filed on October 22, 2025;

3   (4) Plaintiff Internal Path Ecclesiastical Trust's Motion for Default Judgment (Declaratory

4       Relief) (ECF No. 10), filed on October 23, 2025;

5   (5) Plaintiff Internal Path Ecclesiastical Trust's Motion for Reconsideration and Clarification

6       of Order Granting Pro Hac Vice Admission (ECF No. 13), filed on November 5, 2025;

7   (6) Defendant Toyota Motor Credit Corporation's Motion for Judgment on the Pleadings

8       Under Fed. R. Civ. P. 12(c) (ECF No. 14), filed on November 11, 2025; and

9   (7) Plaintiff Internal Path Ecclesiastical Trust's Ex Parte Notice and Objection to Improper

10      Hearing and Preservation of Default Rights (ECF No. 16), filed on November 13, 2025.

11  The Trust is not represented by counsel, with Trustee Otis Lee Best III[1] filing on behalf of the

12  Trust.

13          Upon a careful review of the Complaint in this matter, for the reasons set forth below, the

14  Court finds that it lacks subject-matter jurisdiction over the claims presented in the Complaint. As

15  such, the Court must dismiss the Complaint without prejudice, *see* Fed. R. Civ. P. 12(h)(3);

---

[1] Mr. Best styles himself as "Otis-Lee: Best" throughout the Complaint and several of the exhibits attached to the Complaint. (*See, e.g.*, Compl. 1, ECF No. 1 ("Plaintiff, INTERNAL PATH ECCLESIATSICAL TRUST, is a private trust, organized under ecclesiastical authority and operating by and through its Trustee, Otis-Lee: Best, with a secured interest legally assigned and recorded."); Compl., Ex. A, at 3 ¶ 4, ECF No. 1-2 ("The undersigned, Otis-Lee: Best, is the currently acting Trustee . . . .").) The Court will refer to Mr. Best without the colon and dash truncating his name, especially in view of his sworn representations that he was named "Otis Lee Best III" at birth (*see* Compl., Ex. I, ¶ 10, ECF No. 1-10) and the use of such punctuation, in conjunction with other theories asserted in the Complaint, as being consistent with sovereign citizen-based theories that have been repeatedly rejected as frivolous in the federal courts, *see, e.g.*, *In re Doughty*, No. 1:25-cv-00400-JAW, 2025 WL 2418668, at *4 (D. Me. Aug. 21, 2025) ("The imposition of a colon between one's given name and surname, as here, is a hallmark of a sovereign citizen."); *Caetano v. Internal Revenue Serv.*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 3319158, at *2-4 (E.D. Cal. May 9, 2023) (explaining sovereign citizen ideology and legal arguments and collecting cases), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007) (describing and rejecting attempt to avoid mortgage debt through filing of Uniform Commercial Code Financing Statements).

*Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."), and deny all outstanding motions as moot. Furthermore, as the Complaint's jurisdictional defects cannot be cured, the Court's dismissal of the Complaint is without leave for Plaintiff to amend and the Clerk of Court is directed to close the case.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . . It is to be presumed that a cause lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, although "courts are generally limited to addressing the claims and arguments advanced by the parties" and "do not usually raise claims or arguments on their own," "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only 'a short and plain statement of the grounds for the court's jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(1)). In reviewing the allegations set forth in the Complaint, the Court will accept all well-pleaded factual allegations as true and draw all reasonable inferences in the Trust's favor. *Id.*; *see also Carolina Cas. Ins. Co. v. Team Equip., Inc.*,

741 F.3d 1082, 1087 (9th Cir. 2014) (explaining that a party is not "required to plead jurisdiction affirmatively based on actual knowledge" at pre-service, pre-answer stage of proceedings). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

## II.   DISCUSSION

In its Complaint, the Trust, through Mr. Best,[2] alleges the following facts.

(1) Mr. Best established the Trust in July 2025 with the filing of a "Certificate of Trust" in the Gwinnett County Superior Court in Georgia, which Certificate names Mr. Best as Trustee. (Compl. 2, ECF No. 1; Compl., Ex. A, ECF No. 1-2.)

(2) Mr. Best then filed a Uniform Commercial Code Financing Statement purporting to "publicly assert[] [the Trust's] secured interest over the individual named 'OTIS LEE

---

[2] Mr. Best is not an attorney. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (quoting *C.E. Pope*, 818 F.2d at 697).

The Complaint and accompanying "Certificate of Trust" do not identify any beneficiary of the Internal Path Ecclesiastical Trust. Notwithstanding any issues concerning the validity of the Trust in view of the lack of an identified beneficiary at the time of the Trust's creation in Georgia, *see, e.g.*, Ga. Code Ann. § 53-12-20(b)(3), (c) (express trust requires designation of reasonably ascertainable beneficiary at time of creation of trust or trust instrument sets forth selection criteria for beneficiary); *cf. also Bey v. MUSC Health Univ. Med. Ctr.*, No. 2:24-cv-03990-RMG-MGB, 2024 WL 3892379, at *5 (D.S.C. Aug. 1, 2024) (finding nature of trust established pursuant to "national ecclesiastical trust indenture law" to be "frivolous" and part of the "so-called 'sovereign citizen' movement"), *report and recommendation adopted*, 2024 WL 3891029 (D.S.C. Aug. 21, 2024), the Complaint fails to establish that Mr. Best is the real party in interest who may appear as an attorney on the Trust's behalf. In other words, "he cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of [28 U.S.C. § 1654.] He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court." *C.E. Pope*, 818 F.2d at 697-98. The Trust's lack of legal representation is thus another basis to dismiss the Complaint without prejudice and deny the Trust's motions. *Id.*; *see also Simon*, 546 F.3d at 664-65 (collecting cases "adhering to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity").

BEST III.'" (Compl. 2; Compl., Ex. C, ECF No. 1-3 (identifying Mr. Best as debtor, the Trust as secured party, and "[a]ll assets, property, accounts, proceeds, rights, titles, entitlements, and beneficial interests, now existing or hereafter acquired by the Debtor, including legal name, SSN ,all public and private records, commercial paper, contracts, and rights to income" as collateral, and setting forth a "fee schedule" listing monetary penalties "against any and all parties . . . who interfere with, infringe upon, or make authorized use of the Debtor, the collateral, or the secured interest of the Trust").)

(3) Thereafter, Mr. Best filed a Uniform Commercial Code Financing Statement Amendment purporting to assign Mr. Best's interest in a claim against TMCC to the Trust arising from TMCC's failure to respond to an "Affidavit of Default" that Mr. Best served on TMCC in June 2025. (Compl. 2; Compl., Ex. C, ECF No. 1-4.)

(4) On July 29, 2025, Mr. Best served TMCC with copies of the Certificate of Trust, the Financing Statement and Amendment, and a "Final Notice of Default and Opportunity to Cure," to which TMCC did not respond. (Compl. 2; Compl., Ex. D, ECF No. 1-5 ("Final Ecclesiastical Notice of Default and Opportunity to Cure"); Compl., Ex. E, ECF No. 1-6 (certified mail receipt and tracking information for mailing to TMCC's registered agent).)

(5) Prior to the purported assignment of his interest to the Trust, Mr. Best filed complaints with federal and Georgia government agencies concerning TMCC's wrongful acts and default arising from Mr. Best's purchase of a vehicle from a Lexus dealership in Gwinnett County, which purchase was financed by TMCC.[3] (*Id.*; Compl., Ex. F, ECF No. 1-7 (printout of federal Consumer Financial Protection Bureau complaint and supplement); Compl., Ex. G,

---

[3] The Complaint's allegations do not describe the vehicle purchase and financing transaction; however, the Court discerns the limited details concerning the underlying transaction from the printouts of Mr. Best's complaints to government agencies, as attached to the Complaint in this case.

5

ECF No. 1-8 (printout of Georgia Attorney General's Consumer Protection Division consumer complaint form); Compl., Ex. H, ECF No. 1-9 (printout of Federal Reserve Consumer Help complaint and email acknowledgement noting forwarding of complaint to Federal Trade Commission).)

As to requested relief, the Trust seeks a declaratory judgment that:

> 1. Recognize[s] Internal Path Ecclesiastical Trust as the real party in interest, lawfully assigned all rights, claims, and authority regarding the subject matter, and acting by and through its authorized Trustee;
>
> 2. Affirm[s] the Trust's standing to assert secured party rights and enforce its interests, without third-party representation or rebuttal;
>
> 3. Declare[s] that Defendant failed to respond to or cure a properly noticed claim, and that such silence constitutes acquiescence and final commercial default;
>
> 4. Declare[s] that all non-judicial remedies were exhausted by the assignor, and that Plaintiff may proceed in full authority under said assignment; [and]
>
> 5. Grant[s] such other and further declaratory relief as the Court deems just and proper.

(Compl. 3 (prayer for relief); *see also id.* at 2-3 (listing substantively identical questions to be resolved by declaratory judgment under "Declaratory Relief Requested" section preceding prayer for relief).) The Trust further disclaims that its Complaint sets forth any "claim for damages, lien enforcement, or injunctive relief, but rather [is] a formal request to resolve legal uncertainties regarding standing, jurisdiction, and unrebutted default." (Compl. 2.)

The Complaint's allegations and accompanying attachments fail to establish that the Court has subject-matter jurisdiction over the Trust's claims. The Trust invokes 28 U.S.C. § 1331 and 28 U.S.C. § 2201 as the basis for subject-matter jurisdiction. (*Id.* at 1.) The first provision sets forth the Court's federal-question jurisdiction: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. The second provision, as the first section of the Declaratory Judgment Act, provides in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Trust's reliance on 28 U.S.C. § 2201 as the relevant "law[] . . . of the United States" under which its claims "aris[e,]" is misplaced. "A case 'arises under' federal law either [1] where federal law creates the cause of action or [2] 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (original brackets omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). As to the first possible basis for federal-question jurisdiction, the Declaratory Judgment Act does not create a cause of action and thus cannot be a standalone basis for jurisdiction. 28 U.S.C. § 2201(a) ("In a case of actual controversy *within its jurisdiction* . . . ." (emphasis added)); *California v. Texas*, 593 U.S. 659, 672 (2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction."); *Gutierrez*, 277 F.3d at 1089 ("The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." (internal citation omitted) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950))). The Trust does not identify any other federal law that "creates [its] cause of action," *Gutierrez*, 277 F.3d at 1088, and the Court discerns none. Therefore, the Court must turn to the second possible basis for federal-question jurisdiction.

7

As to the second possible basis for federal-question jurisdiction, the Trust's allegations do not show that its attempt at "vindication of a right under state law" through this case "necessarily turns on some construction of federal law." *Id*. Among the issues the Trust lists for resolution by declaratory judgment (*see* Compl. 3), whether Mr. Best validly assigned his interests to the Trust, such that the Trust may prosecute the claim against TMCC, is governed by state contract and commercial law.[4] Similarly, whether the Trust properly noticed its claim against TMCC and the consequences of TMCC's failure to respond to the Trust's notice are governed by state law.

As to the Trust's request for judicial findings concerning exhaustion of remedies and perfection of its interest such that the Trust can bring suit against TMCC—which request appears to be based on Mr. Best and the Trust's attempt to obtain a declaratory judgment to invalidate any debt or debt repayment obligations arising out of TMCC's financing of Mr. Best's purchase of a vehicle (*see* Compl., Exs. F-H)[5]—the Supreme Court has explained:

> [J]ust like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy

---

[4] The Uniform Commercial Code is not federal law; rather, it "is simply a set of model laws regarding the governance of commercial transactions. It is not the 'supreme law of the land,' and has no formal authority—it is merely a tool of legal scholarship." *Stoltenberg v. United States*, No. 3:20-cv-00165-RRB, 2020 WL 6828028, at *3 (D. Alaska Nov. 20, 2020) (footnote omitted). The provisions of the Uniform Commercial Code have the force of law only as adopted by the various states. *See, e.g.*, *In re Penrod*, 392 B.R. 835, 855 (B.A.P. 9th Cir. 2008) (observing divergence among states concerning adoption of Uniform Commercial Code provisions governing consumer purchase money security interests); *Brown v. Jenkins*, 218 S.E.2d 690, 694-95 (Ga. Ct. App. 1975) ("The Uniform Commercial Code, *as enacted in 1962*, applies to transactions intended to create a security interest in personal property in this state. The Code provisions are supplemented by more specific regulatory statutes which are controlling in case of conflict." (emphasis added))). As such, the Complaint's allegations concerning creation and transfer of interests made pursuant to statements filed under the Uniform Commercial Code raise issues of state law, not federal law.

[5] "The relevant question concerns the nature of the threatened action in the absence of the declaratory judgment suit." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). Presumably, without the declaratory judgment action, TMCC would bring a suit under state contract or commercial law to collect on its loan to Mr. Best, as secured by the vehicle Mr. Best purchased with TMCC's financing, whereupon Mr. Best would raise *as a defense* that TMCC's loan or debt collection practices were invalid or unlawful for the reasons set forth in Mr. Best's complaints to federal and state agencies. *Cf., e.g.*, *Bryant*, 524 F. Supp. 2d at 758-61 (attempt to avoid mortgage debt); *Bey*, 2024 WL 3892379, at *5-7 (attempt to circumvent state domestic relations and child welfare laws).

> requirement. At a minimum, this means that the dispute must "be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"

*California*, 593 U.S. at 672 (citations omitted) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The Trust does not identify an "imminent injury" it would suffer should a declaratory judgment not issue, *MedImmune, Inc.*, 549 U.S. at 130, or any "specific relief" apart from "an opinion advising what the law would be," *California*, 593 U.S. at 672 (quoting *MedImmune, Inc.*, 549 U.S. at 127). Thus, to the extent that the Trust may have claims that touch upon federal law, the Court lacks subject-matter jurisdiction over such claims because there is no actual case or controversy. *See also Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (finding no case or controversy where plaintiff sought "a declaratory judgment as to the validity of a defense" the defendant "may, or may not raise," in a subsequent proceeding).

### III.   CONCLUSION

The Complaint fails to establish, on its face, that the Court has subject-matter jurisdiction over the claims set forth therein because the Court's federal-question jurisdiction does not extend to a declaratory judgment action that relies solely upon the Declaratory Judgment Act, raises state law issues, and fails to allege a case or controversy. The Court therefore lacks the authority to proceed further with the Complaint, including any entry of default and default judgment proceedings, and must dismiss the Complaint without prejudice. *See also Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) ("Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority."). As the Complaint's jurisdictional defects are not technical in nature and cannot be cured by amendment, the Court's dismissal of the Complaint is without leave to amend. *Carolina Cas. Ins. Co.*, 741

F.3d at 1087-88.  The Court's lack of authority to proceed also requires the denial as moot of all outstanding motions in this matter.  Accordingly,

(1) Plaintiff Internal Path Ecclesiastical Trust's Complaint for Declaratory Relief (ECF No. 1) is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction;

(2) Plaintiff Internal Path Ecclesiastical Trust's (a) Motion for Leave to Use Electronic Filing System (CM/ECF) (ECF No. 2), (b) Request for Clerk's Entry of Default (ECF No. 6), (c) Motion to Strike Unauthorized and Untimely Answer (ECF No. 9), (d) Motion for Default Judgment (Declaratory Relief) (ECF No. 10), (e) Motion for Reconsideration and Clarification of Order Granting Pro Hac Vice Admission (ECF No. 13), and (f) Ex Parte Notice and Objection to Improper Hearing and Preservation of Default Rights (ECF No. 16) are DENIED AS MOOT;

(3) Defendant Toyota Motor Credit Corporation's Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) (ECF No. 14) is DENIED AS MOOT;

(4) The hearing on Defendant Toyota Motor Credit Corporation's Motion for Judgment on the Pleadings set for December 18, 2025, is VACATED; and

(5) The Clerk is directed to CLOSE the case.

IT IS SO ORDERED this 3rd day of December, 2025.

_____
RAMONA V. MANGLONA
Chief Judge